(33 App. Div. 605.)

### KNOWLES v. LICHTENSTEIN.

(Supreme Court, Appellate Division, Second Department. October 25, 1898.)

NOTICE OF TRIAL—WAIVER OF OBJECTIONS.

By answering under an extension granted on condition that the issue be of date of the original time for answering, and that plaintiff be permitted to serve short notice of trial for the next succeeding term, and afterwards amending as of course, and retaining in the meanwhile a notice of trial served before answering. defendant waived any objection that the notice of trial was inapplicable to issues made by pleadings served after the notice.

Action by Edwin Knowles against Paul Lichtenstein. There was a judgment for plaintiff by default, and from an order setting it and supplementary proceedings thereunder aside, on terms, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

David Neumark, for appellant.

Hugo Hirsh, for respondent.

GOODRICH, P. J. The action was brought upon a written guaranty, executed by the defendant, that one Alexandra Viarda, an actress, would perform her written agreement to play an engagement at the plaintiff's Fifth Avenue Theater, in New York. The complaint alleged a breach of the contract, and demanded judgment for $10,-648.24, with interest. Before the time for answering expired, and on January 24, 1898, the defendant obtained an order extending his time to answer. The order contained a clause that the issue was to be of January 24th, the date when the time to answer the complaint expired, and that the defendant was to accept short notice of trial for the February term, then less than 14 days distant. Notice of trial for the February term was served by the plaintiff on the next day, and the cause placed on the February calendar. The answer was not served till February 3d. On February 19th, notice of motion was

given to place the issue, as a short cause, on the special calendar for the trial of short causes. Before the motion was argued, and on February 23d, the defendant served an amended answer, setting up a counterclaim, to which the plaintiff served a reply on February 28th. The defendant's attorney did not appear to oppose the motion, and it was granted by default on March 5th, and the cause ordered on the calendar of March 11th for trial. On March 8th the defendant obtained an order to show cause, returnable on March 11th, why the order should not be vacated. When the case was called for trial on March 11th the defendant appeared at the call of the calendar, and stated the pendency of the motion on that morning, and asked for an adjournment of the trial, which the court refused. The motion to vacate was immediately argued at special term and denied. The cause, however, was not reached for trial till March 23d, when the motion to strike it from the calendar was renewed and denied, an inquest taken, and a judgment entered thereon for $11,435.73. No exception was taken to the denial of the motion for an adjournment. Other motions were made, but it is not important to state any of the proceedings, except those on which the present appeal is founded. On June 25th the defendant obtained an order to show cause why the inquest, judgment, and supplementary proceedings which had been issued thereon should not be vacated and set aside. Voluminous affidavits were used on the argument, and an order was entered granting the motion upon condition that the defendant should give an undertaking in the sum of $15,000 for the payment of any judgment which the plaintiff might obtain, and in case of a failure of the defendant to give such undertaking the motion was denied. From this order the defendant appeals. His contention is that the inquest was irregular, on the ground that, as the defendant had a legal right to amend his answer within 20 days after its service, the plaintiff noticed his cause "at the peril of having his notice go for nothing, if his adversary amends his pleading, and thus destroys the issue formed"; that, as an amended answer and a reply thereto were served, there was no notice of trial of the real issue; that an issue cannot be tried without notice; that consequently there was no valid inquest or judgment; and that the court had no power to impose, as a condition of vacating an invalid judgment, the giving of the undertaking.

The record shows that there have been numerous supplementary proceedings against the defendant, none of which appear to have resulted in benefit to the judgment creditor; and in the plaintiff's supplementary proceedings, which were commenced on May 20th and closed on June 9th, the insolvency of the defendant was apparent. There is no question that the court has inherent power over its own judgments, irrespective of and beyond sections 724 and 1283 of the Code of Civil Procedure, which provide for relieving a person from judgments. But it may not be said that if the judgment was so irregularly obtained as to be without judicial authority, and therefore void, the court had power to impose as a condition of vacating it the giving of an undertaking to pay any judgment subsequently obtained in the action. Assuming that the Code requires the service of a notice of trial after the final framing of the issues to be tried, as, for

instance, in the present case, after the service of the reply to the amended answer, we are brought to the question whether the defendant has done anything by which the original notice of trial takes effect upon the issue framed by the amended answer and reply. We hold that as the order extending the time to answer contained a provision that the issue should be of the date of January 24th, and that the defendant should accept notice of trial for the February term, without objection, and as such notice was served and received without being returned as premature or irregular, he waived any irregularity, and consented to its applicability either to the original issue, or to the issue framed by the amended answer and reply thereto. He accepted the benefit of the order, and, having done so, cannot be permitted to repudiate any of its burdens. The cause was regularly on the trial calendar, and regularly noticed for the February term, and the inquest was regularly taken. This appeal is taken on the ground that the application to the special term was a matter of right, and not of favor. This view, as we have seen, is erroneous, and disposes of the present appeal.

The order is affirmed, with $10 costs and disbursements. All concur,